Requestor: David L. Jones, Esq., Town Attorney Town of Tonawanda 22 Victoria Boulevard Kenmore, New York 14217
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether an officer appointed by a town of the first class under section 20(1)(a) of the Town Law is a peace officer who therefore may possess a firearm in undertaking dog control duties.
Section 20(1)(a) authorizes towns of the first class which have police departments to appoint "not more than four civil officers who shall possess all the powers and duties of constables in civil actions and proceedings only". You have cited a prior opinion of this office in which some doubt was expressed as to whether such officers are peace officers. 1960 Op Atty Gen (Inf) 187.
A peace officer, acting in accordance with his special duties, may serve any process in the enforcement of article 7 of the Agriculture and Markets Law, dealing with licensing and control of dogs. Op Atty Gen (Inf) No. 90-28. Among the persons designated as peace officers are "[c]onstables or police constables of a town or village, provided such designation is not inconsistent with local law". Criminal Procedure Law § 2.10(1). Peace officers, as defined by section 2.10 of the Criminal Procedure Law, are exempt from the various crimes for possession of firearms. Penal Law § 265.20(a)(1)(c). Certain peace officers, however, must be licensed to carry a firearm. Criminal Procedure Law § 2.10.
Thus, in order for these officers to be peace officers, they must possess status as "constables". In our view, officers appointed under section 20(1)(a) are not constables. Towns of the first class are authorized to appoint "civil officers" possession "all the powers and duties of constables in civil actions and proceedings only". There is no grant of status as constables for all purposes. Further, section 20(1)(b) of the Town Law authorizes towns of the second class to appoint "as many constables as the town board may determine necessary". In this case, in contrast with paragraph a, the Legislature has given these officers full constable status rather than delegating to them only some of the powers of constables. The legislative bill jacket indicates that the intent of the above-quoted language in section 20(1)(a) is to provide for "civil officers who would not be peace officers". Bill Jacket, L 1944, ch 155, March 6, 1944 letter to Governor Dewey from the Executive Secretary of the Association of Towns of the State of New York.
Under section 114 of the Agriculture and Markets Law only a dog control officer, a peace officer when acting pursuant to his special duties, or a police officer authorized by a municipality to enforce dog control may serve any process in enforcing State or local dog control regulations.
We conclude that civil officers appointed by a town of the first class under section 20(1)(a) of the Town Law are not constables and, therefore, lack peace officer status.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.